# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES R. CIANCIOLA,

    Petitioner,

v.                            Case No. 07-C-531

WARDEN JEFFREY P. ENDICOTT,

    Respondent.

## ORDER ON THE HABEAS CORPUS PETITION

Charles R. Cianciola ("Cianciola"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under Rule 4 Rule of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Cianciola states three grounds for relief. First, he alleges that his motion for post-conviction relief was not processed in accordance with Wisconsin Statute § 974.06 when it was not handled by the circuit court judge who sentenced him. Second, he alleges he was denied the effective assistance of counsel at trial and on appeal. Third, Cianciola argues that the Wisconsin Court of Appeals failed to consider a certain inconsistent statement of the victim.

A writ of habeas corpus may be granted by a federal court to a person held in state custody only if the person is held "in custody in violation of the Constitution of laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3). A violation of state law, such as a state court's failure to comply with the procedural requirements of Wis. Stat. § 974.06, does not entitle a federal habeas petitioner to relief. However, to the extent that a failure to comply with a statute may represent a Due Process claim, the court is unable to say at this early stage that this claim is meritless.

Similarly, Cianciola's claim that the Court of Appeals failed to appropriately consider his claim that his attorney failed to impeach the victim's prior inconsistent statements, does not represent an independent basis for federal habeas relief. However, to the extent that this claim represents a claim that Cianciola was denied the effective assistance of counsel, the court shall order the respondent to answer. Therefore, Cianciola's petition presents two distinct grounds for relief: (1) that the court's failure to comply with the procedural requirements of Wis. Stat. § 974.06 constituted a violation of Cianciola's Due Process rights; and (2) that he was denied the effective assistance of trial and appellate counsel for a variety of reasons.

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief as to these claims. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**IT IS THEREFORE ORDERED** that a copy of Cianciola's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of

any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>13th</u> day of June, 2007.

<u>s/AARON E. GOODSTEIN</u><br>
U.S. Magistrate Judge