# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES R. CIANCIOLA,

        Petitioner,

v.                                      Case No. 07-C-531

WARDEN JEFFREY P. ENDICOTT,

        Respondent.

## ORDER DISMISSING PETITION AS UNTIMELY

Charles R. Cianciola ("Cianciola"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was randomly assigned to this court and all parties have consented the full jurisdiction of a magistrate judge. On June 11, 2007, Cianciola filed a motion requesting an evidentiary hearing. On June 13, 2007, the court screened Cianciola's petition pursuant to Rule 4 Rule of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. On August 14, 2007, the respondent filed a motion for summary judgment and on October 10, 2007, Cianciola filed a letter wherein he requested that the court hold off resolving the respondent's motion for summary judgment until he is able to obtain counsel. The court indicated in its October 29, 2007 order denying Cianciola's motion for an evidentiary hearing that it would hold off resolving his petition as long as possible, but cautioned that he should make every effort to promptly obtain counsel.

Due to the reporting requirements set forth under the Civil Justice Relief Act, 28 U.S.C. §476(a)(1), the court is unable to further withhold ruling on the respondent's motion for summary judgment. (Docket No. 11.) Cianciola also has a separate habeas petition, 05-C-1264, currently pending before this court. In that case, the petitioner has made a similar request that the court withhold ruling in

that case until he is able to obtain counsel. The court shall continue to withhold resolution of that case, but again, Cianciola is cautioned that he should make every effort to promptly obtain counsel because there are a variety of reasons as to why a case must be promptly resolved, see, e.g, 28 U.S.C. § 476(3).

The only response that Cianciola has submitted to the respondent's motion for summary judgment in the present case is the letter wherein he asked the court to withhold ruling until he was able to obtain counsel. In this letter, Cianciola states:

> I had recently written to an outside attorney to assist me in my quest for justice. He informed me that the State has requested *Summary Judgment* due to the untimely filing of my petition. After reviewing the sequence of events and the rules, I believe the State may be correct. It was my understanding that the time limit started after my last court decision, which was my 974.06 petition. Following that premise, I would fall well within the one-year period. I have been filing petitions pro-se and unfortunately fro me, I am a paper person not an attorney.

(Docket No. 16.)

Cianciola states three grounds for relief. First, he alleges that his motion for post-conviction relief was not processed in accordance with Wisconsin Statute § 974.06 when it was not handled by the circuit court judge who sentenced him. Second, he alleges he was denied the effective assistance of counsel at trial and on appeal. Third, Cianciola argues that the Wisconsin Court of Appeals failed to consider a certain inconsistent statement of the victim. The respondent argues that Cianciola's petition should be dismissed because it was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

On October 9, 2001, following a jury trial, Cianciola was convicted of one count of first-degree sexual assault of a child, in violation Wis. Stat. § 948.02(1), and one count of incest with a child, in violation of Wis. Stat. § 948.06(1). (Docket No. 12-2.) On December 4, 2001, he was sentenced to 12 years in prison as to each count to be served concurrently. (Docket No. 12-2.)

On November 8, 2002, the trial court denied Cianciola's motion for post-conviction relief and on November 11, 2003, in an unpublished per curiam decision, the court of appeals denied his appeal. (Docket No. 12-3.) The Wisconsin Supreme Court denied his petition for review on January 24, 2004. (Docket No. 12-4.)

On May 1, 2006, Cianciola filed a pro se motion for postconviction relief in Milwaukee County Circuit Court, which was denied on May 12, 2006. Cianciola appealed and on February 6, 2007, the court of appeals denied his appeal. On April 17, 2007, the Wisconsin Supreme Court denied Cianciola's petition for review.

Cianciola's conviction became final on April 23, 2004, the day the ninety-day deadline for Cianciola filing a petition for a writ of certiori with the United States Supreme Court, see Sup. Ct. R. 13, passed without Cianciola filing a petition for review. Thus, Cianciola had until April 23, 2005 to bring his present habeas petition. See 28 U.S.C. § 2244(d)(2). As for Cianciola's claim relating to the handling of his § 974.06 motion, although this claim did not exist until after Cianciola's conviction became final, this claim is not cognizable in a federal habeas petition because it involves a matter of only state law. See, e.g., Pulley v. Harris, 465 U.S. 37, 41 (1984); Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Cianciola's explanation for his failure to timely file his petition, which is best summarized as ignorance, does not constitute cause, so as to excuse his untimeliness. See Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Coleman, 501 U.S. at 750; Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellinger v. Bowen, 301 F.3d 758 (7th Cir. 2002); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991). Because Cianciola is unable to demonstrate cause, this court need not consider if the petitioner was prejudiced. Additionally, Cianciola is unable to demonstrate that refusing to excuse his untimeliness would result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. In light

- 4 -

of the substantial evidence of his guilt, Cianciola is unable to demonstrate that he is actually innocent of the crime for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 317 (1995).

Therefore, Cianciola's petition is untimely and must be dismissed.

**IT IS THEREFORE ORDERED** that Cianciola's petition is dismissed as untimely filed. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge